**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Donald Ray MOFFETT and Ronald Ray Gernon, Defendants-Appellants.**

**No. 74–3153.**

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1975.

Joe Edwin Naron, Houston, Tex., for defendants-appellants.

William S. Sessions, U. S. Atty., James W. Kerr, Jr., Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and TUTTLE and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from convictions of conspiracy to import and possess 39 pounds of marijuana with intent to distribute, and of importing and possession charges with respect to the same quantity of marijuana. Appellants have urged as reversible error the district court's failure to hold a *Jackson v. Denno* voluntariness hearing outside the jury's presence pursuant to 18 U.S.C. § 3501, the failure of the Border Patrol officers to give appellants *Miranda* warnings before requesting appellants to open the trunk of their car, in which the marijuana was ultimately discovered, and the legality of the search and seizure of their vehicle and the marijuana.

Title 18, section 3501 of the United States Code requires a federal court to hold a hearing outside the presence of the jury if there is "any issue as to voluntariness" with respect to incriminating statements or a confession purportedly made by the defendant. Appellants' counsel did make a pre-trial motion to suppress their oral statements, and renewed this motion several times during the trial, but a careful reading of the record reveals that the basis of these objections was as to the timeliness of the *Miranda* warnings given appellants by the Border Patrol agents who effected the stop and search. Consequently no issue of voluntariness was raised, either before or during the trial which would have required the trial court to hold a

§ 3501 hearing outside the jury's presence.[1]

 At oral argument, appellant's counsel conceded that there existed the requisite "reasonable suspicion" to justify the stop of appellants' car made by the Border Patrol agents. *See United States v. Briguoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607, 43 U.S. L.W. 5028, 5032 (1975). Once the stop was made, however, appellants argue, they were entitled to be given *Miranda* warnings before the agents could request them to open the trunk, and the failure to give these warnings rendered the search and all that followed therefrom inadmissible. We are aware of no authority that supports the claim that the precepts of *Miranda* are applicable to a Fourth Amendment search and seizure claim. Upon effecting a stop admittedly justified by the existence of a "reasonable suspicion" that the car contained illegal aliens, the Border Patrol agents requested appellants to open the trunk and appellants complied. Once the trunk was open, the agents testified, they detected an odor of marijuana, which furnished the requisite probable cause to justify the search which followed. *See United States v. Santibanez,* 517 F.2d 922 (5th Cir. 1975).

We have considered appellants' other points of error but find them to be without merit.

Judgment affirmed.

---

1. We note that the government has argued, without citing any authority for these propositions, that appellants waived any right to a § 3501 hearing by failing to request one prior to trial, and that in any event the district court was not required to hold such a hearing since it was clear that appellants had been given full *Miranda* warnings. This Court has approved the holding of a § 3501 voluntariness hearing during the course of the trial, prior to submission of the case to the jury, *United States v.* *Hathorn,* 451 F.2d 1337, 1339 (5th Cir. 1971), and it would seem to follow that a defendant could move for such a hearing at any time during the trial up to the point approved in *Hathorn.* As to the government's second argument, while we do not reach this issue, we note that there is no authority cited to support it and the statute itself in no way indicates that the giving of a full set of *Miranda* warnings obviates the necessity of holding a § 3501 hearing if the issue of voluntariness is raised.