16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Demetrius LEE, Defendant-Appellant.
 No. 91-3833.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1994.
 
 Before: BOGGS and SUHRHEINRICH, Circuit Judges; BERTELSMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Demetrius Lee appeals his conviction of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846 and two counts of drug distribution in violation of 21 U.S.C. Sec. 841(a)(1). We AFFIRM his conviction but REMAND to the district court the issue of whether the defendant's property should be returned pursuant to Rule 41(e), Fed.R.Crim.P.
 
 I.
 
 2
 Prior to trial, defendant moved to suppress a confession and to suppress physical evidence alleged to be obtained illegally. Lee argued that he was improperly denied counsel following his arrest by the Elyria Police Department on April 3, 1990. Defendant also moved at the suppression hearing for the return of seized property pursuant to Rule 41(e), Fed.R.Crim.P.
 
 
 3
 Testimony given at a suppression hearing revealed that Charles Howard reached an agreement with the Elyria Police Department to make drug purchases from an individual he called "Chew," proven to be Demetrius Lee. Howard arranged to meet Lee and purchased two ounces of cocaine from Lee. The police then sought a search warrant for Lee's house based on this purchase. The following day, the police obtained an arrest warrant charging Lee with the drug sale to Howard, arrested Lee and searched his residence. Over $50,000, a small amount of cocaine, a gun, records, and personal items were seized. Lee testified at the suppression hearing, that after his arrest the police refused him permission to contact an attorney or make a telephone call until the search warrant for his residence had been executed. During this detention, defendant made a statement detailing his involvement in cocaine trafficking activities and his relationship with his supplier, Anthony Horn. After Lee made this statement, the police moved him to a motel in an adjacent municipality to telephone Horn and arrange a meeting.
 
 
 4
 After the suppression hearing concluded but before the district court had issued a ruling, the government moved to dismiss those overt acts of the indictment involving Lee's sale of drugs to Howard. The court granted this motion. Counsel for the government also represented to the court that the defendant's statement would not be used at trial, except for impeachment purposes if the defendant testified in contradiction of the statement. Consequently, the court deferred ruling on the motion to suppress. The court never ruled on Lee's motion for return of property.
 
 II.
 
 5
 Defendant first argues that the district court erred in determining that it would decide whether Lee's statements were voluntary only if Lee chose to testify. Lee argues that because Rule 12(b)(3), Fed.R.Crim.P., requires the defendant to move prior to trial for the suppression of any evidence alleged to have been illegally acquired, due process requires the trial court to determine before trial whether a defendant's custodial statement is voluntary.
 
 
 6
 This argument fails. First, Rule 12(e), Fed.R.Crim.P., authorizes a court to defer ruling on motions to suppress. Once the government represented to the trial court that it would not introduce defendant's confession during its case-in-chief, and would only use the confession for impeachment purposes, the trial court had reason to defer ruling on the motion. Secondly, 18 U.S.C. Sec. 3501(a) requires only that a trial judge decide voluntariness prior to receiving a confession into evidence; a hearing on the issue may be held during the course of a trial prior to submission of the case to the jury. United States v. Moffett, 522 F.2d 1379 (5th Cir.1975); United States v. Stinson, 559 F.Supp. 136, 140 (E.D.Tenn.1982). Here, the confession was never admitted into evidence. Accordingly, we find no procedural support for defendant's contention that the district court had to decide voluntariness prior to commencement of trial.
 
 
 7
 Lee also contends that the district court's failure to rule on the merits of his suppression motion jeopardized his right to testify. We disagree. The district court determined that it would decide the voluntariness matter if the defendant chose to testify in his own behalf. Lee's failure to take the stand was not precipitated by an incorrect ruling that his confession was voluntary. See New Jersey v. Portash, 440 U.S. 450 (1979) (reviewing Fifth Amendment challenge to state-court ruling which dissuaded defendant from testifying). Here Lee was free to testify and then challenge an unfavorable ruling, if issued by the district court. If the appellate court agreed with the defendant that the confession was involuntary, the conviction would be overturned. The decision to defer ruling on the voluntariness of the confession did not infringe on Lee's right to testify. Accordingly, we find the trial court's exercise of its discretion does not constitute an abuse.
 
 III.
 
 8
 The next argument presented is whether the district court denied defendant due process through its evidentiary rulings admitting the testimony of prosecution witnesses, Grondin and Cheney.
 
 
 9
 Marge Grondin, Horn's girlfriend, testified that Horn received cocaine from Detroit and, that Horn, his wife, and Grondin supplied cocaine to a number of individuals in the Lorain County area, including Lee, for further distribution. Grondin stated that Horn stored cocaine at her house from November of 1989, through January of 1990, and that she delivered approximately nine ounces of cocaine to Lee at her house. Grondin also stated that she delivered cocaine to Lee at his residence.
 
 
 10
 Under Fed.R.Evid. 801(d)(2)(E), the statement of one co-conspirator is admissible against the others as an admission of a party-opponent, provided it was made during the course of and in furtherance of the common objectives of the conspiracy. Bourjaily v. United States, 483 U.S. 171 (1987). Grondin's testimony related to statements made by Horn regarding the distribution of drugs and Horn's instruction to deliver cocaine to defendant. Accordingly, we find the testimony was properly admitted under Rule 801(d)(2)(E) because it related to aspects of the conspiracy and in furtherance of the conspiracy.
 
 
 11
 Defendant contends that special agent Cheney's testimony was prejudicial hearsay. His testimony concerned the government's drug exhibits and the purchasers and sellers of drugs in different transactions. Some of Cheney's testimony related to information given to him by Grondin and Felicia Winn during the course of the investigation. Even if the testimony in this regard was hearsay, no prejudice to the defendant resulted from its admission given the extent of the testimony against Lee, and that Lee was free to attack the credibility of the declarants because both Grondin and Winn testified. Accordingly, the admission constitutes harmless error. See United States v. Ellzey, 874 F.2d 324, 330 (6th Cir.1989) (citation omitted).
 
 IV.
 
 12
 Next, Lee argues that the district court erred in denying his motion for judgment of acquittal because the proof failed to support a finding of guilt beyond a reasonable doubt on the conspiracy charge. The standard of review for claims of insufficient evidence is " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Ellzey, 874 F.2d at 328 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 13
 The testimony at trial included facts supporting all of the essential elements of a conspiracy. Horn supplied cocaine to a number of individuals for the purposes of distribution of drugs in Lorain, Ohio, and one distributor was the defendant. Grondin, who assisted Horn with storage and distribution, testified that in October of 1989, she received eighteen ounces of cocaine from Horn, packaged in two separate bags, one of which she gave to Lee who picked it up at her house. Grondin testified she made a second delivery of cocaine to Lee in November of 1989. Winn testified that she made one controlled purchase of cocaine and cocaine base from Lee on August 15, 1990, and negotiated a second purchase in September of 1990. Patrick Costello, a witness called by the government, testified that he was with Horn on one occasion when Horn took a package to a house on 22nd Street and that, although Costello neither know who lived there nor was certain what was in the bag, its size and the manner in which it was wrapped suggested it contained cocaine.
 
 
 14
 A search of Horn's residence yielded records relating to the drug business and Lee's nickname "Chew" appeared in the records followed by large monetary amounts. Lee carried a pager on the date of his arrest.
 
 
 15
 We find that the evidence, viewed in the light most favorable to the government, provides a sufficient basis upon which the jury could infer that defendant was aware of and participated in the conspiracy.
 
 V.
 
 16
 Finally, defendant contends that the trial court erred in failing to make a ruling on defendant's motion for return of money and other property seized. We agree.
 
 
 17
 Under Rule 41(e), Fed.R.Crim.P., a person aggrieved by an unlawful search and seizure or by the deprivation of property may move in the district court for the return of the property. The federal court may acquire jurisdiction over property that is involved in a criminal proceeding. See United States v. LaFatch, 565 F.2d 81 (6th Cir.1977), cert. denied, 435 U.S. 971 (1978).
 
 
 18
 Although the government argues that the federal government was not involved in the initial investigation of this defendant nor the seizure of his property, we do not assume lack of jurisdiction merely because state authorities seized the res pursuant to a search warrant. See United States v. Certain Real Property, 986 F.2d 990, 994 (6th Cir.1993) (rejecting argument in forfeiture action that state court had exclusive jurisdiction because the state authorities seized by res pursuant to a search warrant authorized by state authority). The record is unclear as to whether there were any state in rem proceedings pending against the property that would prevent in rem jurisdiction in the federal court. Id., 986 F.2d at 995. Similarly, we are unable to discern from the record whether the government had actual or constructive possession of the property. See United States v. Fabela-Garcia, 753 F.Supp. 326 (D.Utah 1989). Consequently, we are unable to determine whether the district court's failure to reach the merits was based on the presumption that it lacked jurisdiction.
 
 
 19
 Accordingly, we AFFIRM the conviction and REMAND the issue of return of property to the district court for determination as to whether it had jurisdiction to decide the motion, and if so, a ruling on the merits.
 
 
 
 *
 Honorable William O. Bertelsman, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation