UNITED STATES of America,
Plaintiff–Appellee,

v.

CERTAIN REAL PROPERTY 566 HEN-
DRICKSON BOULEVARD, CLAW-
SON, OAKLAND COUNTY, MICHI-
GAN, Defendant,

Leonard Willis, Claimant–Appellant.

No. 92–1220.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 28, 1993.

Decided and Filed Feb. 26, 1993.

Jennifer J. Peregord (argued and briefed), Office of the U.S. Atty., Detroit, MI, for U.S.

Alvin C. Sallen (argued and briefed), Southfield, MI, for Leonard Willis.

Before: KENNEDY and GUY, Circuit Judges; and BROWN, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Claimant-defendant Leonard Willis ("claimant") appeals the order of the Dis-

trict Court granting the government's motion for summary judgment and directing forfeiture, pursuant to 21 U.S.C. § 881(a)(7), of certain real property being used to facilitate the manufacture and distribution of controlled substances. On appeal, Willis argues that the forfeiture order must be reversed because (1) the District Court lacked jurisdiction to adjudicate the forfeiture proceeding; (2) the grant of summary judgment to the government violated his rights to due process and equal protection as well as his Fifth Amendment right against self-incrimination; and (3) the District Court erred in ruling that Eighth Amendment principles of proportionality have no place in civil forfeiture proceedings. For the reasons that follow, we affirm.

## I.

The record before the District Court disclosed the following as the probable cause for the seizure. In early 1991, the claimant began remodeling the attic of his home at 566 Hendrickson in Clawson, Michigan, in order to cultivate marijuana plants there. By March 2, the renovations had been completed and defendant obtained a number of marijuana starter plants from an associate. Three days later, on March 5, 1991, the claimant and his wife, Penny Willis, had an argument regarding the marijuana plants in the attic. After the argument, the claimant removed approximately forty (40) marijuana plants from the attic, placed them in the trunk of his car, and drove away.

Immediately thereafter, Penny Willis contacted the Clawson Police Department. Mrs. Willis was taken from the home and placed into protective custody.[1] She informed the police that her husband had converted the attic area in the couple's home into a "grow room" for marijuana cultivation. Based upon Mrs. Willis' statements to the police regarding her husband's activities, a state search warrant was issued on March 5, 1991, by a Magistrate in the 52-4 District Court, Oakland County, State of Michigan. That same day, officers of the Clawson Police Department executed this search warrant at the claimant's Hendrickson Blvd. home.

Upon entering the attic, the officers observed a marijuana greenhouse. They proceeded to seize from the premises twenty-seven (27) black plastic plant pots, two of which contained marijuana plants; plant food; seedling starter kits; grow lights; potting soil; black plastic irrigation pipes; a fan; and a twenty-four (24) hour timer. Subsequently, the Clawson Police Department requested assistance in a civil *in rem* forfeiture from the Detroit Drug Enforcement Administration against the claimant as to the real property located at 566 Hendrickson Blvd.

On March 12, 1991, the government filed a complaint seeking forfeiture of the Hendrickson Blvd. property pursuant to 21 U.S.C. § 881(a)(7)[2] on the grounds that the property had been used or was intended for use to facilitate violations of the country's drug laws. Claimant filed a verified claim to the property, and a title search (performed by a United States Marshal) revealed that title was held by the claimant pursuant to a quit claim deed executed on February 11, 1983.

During discovery, claimant's deposition was taken. While the claimant confirmed he was the owner of the Hendrickson property, he asserted his Fifth Amendment privilege (due to a pending state criminal proceeding on charges of manufacturing marijuana) in response to all questions regarding the attic of the house, the items found there, or his activities with respect to

---

**1.** During the course of the argument, the claimant physically assaulted his wife. On April 23, 1991, the claimant was convicted in Oakland County District Court of assault and battery as a result of this incident.

**2.** 21 U.S.C. § 881(a)(7) provides, in pertinent part:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(7) All real property ... which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment. . . .

use, receipt or intended cultivation of marijuana.

On August 1, 1991, the government moved for summary judgment and shortly thereafter, the claimant cross moved for summary judgment. After finding the facts to be undisputed and that those facts established that the claimant had taken substantial steps to transform the attic area of the property into a growing room for marijuana, the District Court granted the government's motion. The court found that the government had satisfied its burden of establishing probable cause to believe the property was subject to forfeiture and that the claimant had thereafter failed to carry his burden of demonstrating the forfeiture was improper. The court further found that the principle of proportionality has no place in a civil *in rem* forfeiture proceeding. This timely appeal followed.

## II.

◼ As a threshold matter, we must decide whether the District Court properly exercised jurisdiction *in rem* over the home. We may raise such a jurisdictional question on our own motion. *See, e.g., United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir.1989); *Allen v. Secretary of Health and Human Services*, 781 F.2d 92, 94 (6th Cir.1986) (with an issue involving subject matter jurisdiction, this Court must satisfy itself of its own jurisdiction and that of the District Court without regard to whether the issue was preserved). A federal forfeiture action under 21 U.S.C. § 881 is an *in rem* action. *See One 1985 Cadillac Seville*, 866 F.2d at 1145. A Michigan statutory forfeiture action against defendant property pursuant to the Michigan Public Health Code likewise is *in rem*. *In re Forfeiture of $15,232*, 183 Mich.App. 833, 838, 455 N.W.2d 428 (1990); *People v. United States Currency*, 158 Mich.App. 126, 404 N.W.2d 634 (1986). The basis of claimant's argument that the District Court lacked jurisdiction is the well-settled principle that a court cannot exercise jurisdiction over a *res* that is already subject to the *in rem*

jurisdiction of another court. *See Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935); *United States v. Winston–Salem/Forsyth County Bd. of Educ.*, 902 F.2d 267, 271 (4th Cir.1990); *United States v. $79,123.49 in United States Cash and Currency*, 830 F.2d 94, 96 (7th Cir.1987). According to this rule, the first court to exercise *in rem* jurisdiction over the *res* exercises jurisdiction to the exclusion of a second court that later attempts to proceed against the same *res*. *United States v. One 1986 Chevrolet Van*, 927 F.2d 39, 44 (1st Cir.1991). Although he did not raise the issue in the District Court, the claimant now argues that the state court acquired exclusive jurisdiction by virtue of issuing the search warrant (executed by state police) that procured the seized home, and, more importantly, that state forfeiture proceedings had commenced prior to the federal forfeiture proceeding. We find both contentions unpersuasive.

◼ First, the State of Michigan never instituted a forfeiture action against the claimant's home. Claimant received a notice that his property had been seized by the Clawson Police Department pursuant to Mich.Comp.Laws § 333.7522. Despite claimant's contention to the contrary, this "Notice of Seizure and Intention to Forfeit and Dispose of Property," issued pursuant to Mich.Comp.Laws § 333.7523(1)(a), does not constitute the commencement of a state forfeiture proceeding.

◼ In addition to providing notice of the seizure to the property owner, Michigan law also requires that the "seizing agency" immediately notify the county prosecutor of the seizure. Mich.Comp. Laws 333.7523(1)(b). Also, a claimant to the property must file a claim and cost bond, after which the prosecutor must *"promptly institute forfeiture proceedings"* in state court. Mich.Comp.Laws 333.7523(1)(c) (emphasis added). While personal property may be forfeited automatically where no claim or cost bond is filed within twenty (20) days, Michigan law provides that title to real property subject to forfeiture "shall be determined by a court

of competent jurisdiction." Mich.Comp. Laws 333.7523(1)(d), ·(3). Therefore, it is the filing of the forfeiture complaint in the state court which brings the *res* within the jurisdiction of the state courts. We reject the contention that receipt of "notice of seizure" from the seizing agency translates into the state *court's* exercise of jurisdiction over the claimant's real property. *See People v. Humphrey,* 150 Mich.App. 806, 814, 389 N.W.2d 494 (Mich.App.), *appeal denied,* 426 Mich. 862 (1986) (filing of petition of forfeiture gives Wayne County Circuit Court jurisdiction over property to the exclusion of other local courts).

In the instant case, no claim or cost bond was ever filed by the claimant with the state and no petition for forfeiture was ever filed in the state courts. Instead, six (6) days after the claimant received notice of seizure, the federal government adopted the seizure and initiated forfeiture proceedings by filing a forfeiture complaint in the District Court for the Eastern District of Michigan.[3] Thus, the District Court was the only court attempting to exercise *in rem* jurisdiction over the claimant's home, and therefore, properly exercised jurisdiction. *See United States v. Twelve Thousand, Three Hundred Ninety Dollars ($12,390.00),* 956 F.2d 801 (8th Cir.1992) (District Court had jurisdiction over cash where federal official was given *res* voluntarily by state officials and initiated federal

forfeiture proceeding and no state forfeiture proceeding ever commenced); *One 1986 Chevrolet Van,* 927 F.2d at 44 (District Court properly exercised jurisdiction over the claimant's van where the state never instituted a forfeiture action against the van and this conclusion not altered by the fact the van was seized following a search conducted pursuant to a state search warrant); *One 1985 Cadillac Seville,* 866 F.2d at 1146 (District Court properly exercised jurisdiction over car that had been seized by state officials where the car was not the subject of the state forfeiture complaint or any state order). As the case law makes clear, the defining act for the exercise of state jurisdiction is the filing of a forfeiture complaint in state court.[4]

▪ We also do not accept claimant's contention that the state courts had exclusive jurisdiction because the *res* was seized by state authorities pursuant to a state search warrant.[5] In *Scarabin v. Drug Enforcement Administration,* 966 F.2d 989, 993–94 (5th Cir.1992), the Fifth Circuit stated that:

> From the moment of seizure the state district court had exclusive control over the res by virtue of issuing the search warrant that procured the seized funds and never relinquished that control to the DEA or any other agency or person.... Here, Louisiana's statutory law, La.

---

3. The federal government got involved in the case after the Clawson Police Department requested assistance in the civil *in rem* forfeiture from the Detroit DEA. In *United States v. $12,-390.00,* 956 F.2d 801 (8th Cir.1992), local law-enforcement officers executed a search warrant at claimant's home and seized $12,390.00 in currency. The local authorities voluntarily delivered. the money to a DEA agent who then initiated federal forfeiture proceedings before any action had been taken by the state court. The court cited an analogous Missouri court of appeals case which held that because local authorities allowed the DEA to adopt the seizure and institute forfeiture proceedings, prior to any action in the state court, no state court ever got jurisdiction over the money. *Id.* at 805. The Eighth Circuit then went on to find that "[p]urely as a matter of state law, then, no encroachment on the jurisdiction of the state courts has occurred here." *Id.* Here, in light of the state's seeking assistance from federal agents, and the absence of any state court *in*

*rem* proceeding, there is likewise no encroachment on the Michigan courts.

4. The claimant's reliance on *United States v. $79,123.49 in U.S. Cash and Currency,* 830 F.2d 94 (7th Cir.1987), is misplaced. In that case, the Seventh Circuit ruled that the district court did not have jurisdiction to hear the case because a state forfeiture action had already been commenced. The state of Wisconsin filed a civil complaint in Dane County Circuit Court seeking forfeiture of the money. Thus, the state court had established primary jurisdiction. In the present case, as mentioned, no state forfeiture action has ever been filed.

5. In *United States v. One 1986 Chevrolet Van,* 927 F.2d 39, 44–45 (1st Cir.1991) and *United States v. $12,390,* 956 F.2d 801, 805–06 (8th Cir.1992), both courts determined that a state court does not acquire control over the *res* merely because the seizure took place pursuant to a state warrant.

C.Cr.P. art 167, clearly and unequivocally ... provides that the state court asserts control over items seized pursuant to its warrant.... Nothing in Louisiana's comprehensive forfeiture law indicates that forfeiture is an exception to art. 167....

In this case, however, notice of seizure was pursuant to Michigan forfeiture law (on the basis of items seized in that home pursuant to the search warrant) which requires the commencement of state court proceedings to confer *in rem* jurisdiction upon the state courts. Because the State of Michigan never instituted a forfeiture action against the home, the only action in state court was the *in personam* criminal action against the claimant for growing marijuana. In contrast, the federal forfeiture action brought under section 881 was a civil *in rem* proceeding which is independent of any factually related criminal actions. *One 1986 Chevrolet Van*, 927 F.2d at 44 (citing *United States v. One 1974 Porsche 911–S*, 682 F.2d 283, 285 (1st Cir.1982)). Accordingly, we find that the District Court properly exercised jurisdiction and turn to address the claimant's substantive claims.

### III.

◼ We review the District Court's grant of summary judgment *de novo*, making all reasonable inferences in favor of the non-moving party. *EEOC v. University of Detroit*, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. at 2505, 91 L.Ed.2d 202 (1986). "[T]he plain language of rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

◼ In the context of a civil forfeiture action brought pursuant to 21 U.S.C. § 881, the government has the initial burden of showing probable cause to institute the forfeiture action. *United States v. Twenty–Two Thousand, Two Hundred Eighty Seven Dollars ($22,287.00), United States Currency*, 709 F.2d 442, 446 (6th Cir.1983). The probable cause which the government must show is "a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *Id.* at 446–47 (quoting *United States v. One 1978 Chevrolet Impala*, 614 F.2d 983, 984 (5th Cir.1980)). Once the government has met its burden, the burden then shifts to the claimant to show by a preponderance of the evidence that the property was not subject to forfeiture. *Id.* 709 F.2d at 446. Here, the District Court granted the government's motion for summary judgment because:

The claimant has offered no evidence to support his claim that forfeiture should not occur. Under Fed.R.Civ.P. 56, when a party fails to establish the essential elements of his defense, summary judgment is appropriate. The claimant has stated in his response brief that the government's motion for summary judgment is premature and that the claimant will use deposition testimony of uninvolved parties to substantiate his defense. At this point in time, the government's motion is not premature; and although the claimant has suggested that there is evidence to support his defense, he has produced none.

◼ Claimant still has not produced any evidence to support a defense that the forfeiture was improper. It is well settled that the government is entitled to a judgment of forfeiture upon an unrebutted showing of probable cause. *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983); *United States v. One 56–Foot Yacht*, 702 F.2d 1276 (9th Cir.1983). Claimant asserts, however, that in light of the

parallel criminal proceeding that was pending at the time the summary judgment motion was filed, any attempt by the claimant to depose his wife, children, or his associate, Michael Stone, or to obtain their affidavits would have effectively waived his right against self-incrimination. In other words, he faced a dilemma: remain silent and allow the forfeiture or testify against the forfeitability of his property and expose himself to incriminating admissions. *See United States v. $250,000 in United States Currency*, 808 F.2d 895, 900–01 (1st Cir.1987). This does not mean, however, that the forfeiture action should be barred because there is a possibility the claimant will be disadvantaged by remaining silent. *Id.*

We find that at the time the District Court granted summary judgment, the claimant had not made a sufficient showing of inability to present facts. Claimant cannot avoid completely his Rule 56 burden by merely asserting a Fifth Amendment privilege. As the Supreme Court has noted:

> [W]hile the assertion of the Fifth Amendment privilege against compulsory self-incrimination may be a valid ground upon which a witness ... declines to answer questions, it has never been thought to be in itself a substitute for evidence that would assist in meeting a burden of production. We think the view of the Court of Appeals [that invocation of the privilege satisfies a burden of production] would convert the privilege from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his. None of our cases support this view.

*United States v. Rylander*, 460 U.S. 752, 758, 103 S.Ct. 1548, 1553, 75 L.Ed.2d 521 (1983). Consequently, a blanket assertion of the privilege is no defense to a forfeiture proceeding, *United States v. Certain Real Property Commonly Known as 6250 Ledge Road, Egg Harbor, WI*, 943 F.2d 721, 729 (7th Cir.1991), nor does it excuse the claimant's burden under Rule 56(e) of controverting the government's proof.

*Little Al*, 712 F.2d at 135. Claimant's argument on appeal continues to amount to nothing more than a blanket assertion of the privilege. No explanation appears concerning how the filing of affidavits or taking of depositions would have prejudiced the criminal proceeding. No explanation appears regarding what the affidavits or depositions would or could have disclosed. And no explanation appears regarding why claimant failed "to use testimony of other parties to substantiate his defense." *See Little Al*, 712 F.2d at 136.

█ Claimant further contends that in cases such as this, where there are pending parallel state and federal proceedings, the constitution requires the federal government to offer use immunity for testimony in the civil forfeiture proceeding, or, alternatively, a stay of the forfeiture case. This argument must also fail. First, at no time did claimant request any such relief from the District Court. While district courts must "seek to accommodate both the constitutional [privilege] against self-incrimination as well as the legislative intent behind the forfeiture provision," *United States v. United States Currency*, 626 F.2d 11, 15–17 (6th Cir.1980), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 290 (1980), they have a certain amount of discretion in determining which course to pursue. For example, "a court may stay the civil forfeiture action pending the resolution of the criminal proceedings. At the same time, district courts are under no obligation to take affirmative steps to protect the claimant/defendant's privilege (i.e. to grant a stay) when the claimant/defendant, by his words or actions, has chosen to waive the privilege." *Certain Real Property*, 943 F.2d at 729 n. 9 (citation omitted). Here, not only did claimant fail to seek a stay from the District Court, he filed a cross motion for summary judgment. In so doing, claimant invited the District Court to render an immediate ruling on the government's motion for summary judgment. Under the doctrine of "invited error," this Court has held that a party may not complain on appeal of errors that he himself invited or provoked. *Harvis v.*

*Roadway Express, Inc.,* 923 F.2d 59, 60 (6th Cir.1991). Consequently, in light of claimant's affirmative act of seeking summary judgment and his failure to request a stay, we find claimant's contention, that the District Court should have stayed the federal forfeiture proceeding, to be meritless.

■■■ Even were we to entertain claimant's argument, a blanket assertion of the privilege against self-incrimination also does not provide a sufficient basis for the District Court to grant a stay. *Certain Real Property,* 943 F.2d at 729. As the Fifth Circuit explained in *Little Al:*

> Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding. Such a stay contemplates "special circumstances" and the need to avoid "substantial and irreparable prejudice." The very fact of a parallel criminal proceeding, however, [does] not alone undercut [claimant's] privilege against self-incrimination, even though the pendency of the criminal action "forced him to choose between preserving his privilege against self-incrimination and losing the civil suit." This case hardly presents the type of circumstances or prejudice that require a stay.

*Little Al,* 712 F.2d at 136 (citations omitted). Claimant's failure to indicate with precision how he would be prejudiced if the civil action went forward while the criminal action was pending in state court further leads this Court to conclude that claimant was not entitled to a stay.

We also decline to address claimant's due process and equal protection arguments because in failing to raise these issues below, claimant has waived them on appeal. *See Taft Broadcasting Co. v. United States,* 929 F.2d 240, 243 (6th Cir.1991) ("A long line of cases in this circuit strongly reinforces the principle that issues not litigated

in the trial court are generally not appropriate for appellate consideration in the first instance."); *Chandler v. Jones,* 813 F.2d 773, 777 (6th Cir.1987) ("It is a well-established principle of appellate review that appellate courts do not address claims not properly presented below.").

### IV.

■■■ Claimant's final contention is that the forfeiture of his home for possession of two marijuana pots and an incomplete non-operational cultivation operation in the attic was disproportionate to his actions and violates his Eighth Amendment rights against cruel and unusual punishment.[6] Claimant relies on *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), to support his position. In *Halper,* a medical laboratory employee filed sixty-five (65) false claims for Medicare reimbursement, each of which overstated the amount reimbursable to the lab by $9, ultimately resulting in a fraud on the government of $585. Under the False Claims Act, the government sought a civil penalty of $2,000 plus double damages for each violation. This subjected Halper to a penalty of over $130,-000. Despite the sanction's imposition in a civil proceeding, pursuant to a civil enactment, the Court recognized that the sanction as applied could be "so extreme and so divorced from the Government's damages and expenses as to constitute punishment." *Id.* at 442, 109 S.Ct. at 1898.[7] The Court then held that the statutory penalty authorized by the Act, as applied to the respondent, violated the Double Jeopardy Clause. Subsequently, in *Browning–Ferris Industries, Inc. v. Kelco Disposal, Inc.,* 492 U.S. 257, 275 n. 21, 109 S.Ct. 2909, 2920 n. 21, 106 L.Ed.2d 219 (1989), the Court noted that *Halper* "implies that punitive damages awarded to the Government in a civil action may raise Eighth Amendment concerns."

---

6. The Eighth Amendment provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

7. The Court went on to apply a "rule of reason" to the sanction. Finding it "overwhelmingly disproportionate," and without "rational rela-

tion" to the purported goal of compensating the government, the Court presumed the sanction to be punitive. *Halper,* 490 U.S. at 449–50, 109 S.Ct. at 902. The Court then shifted the burden to the government to prove otherwise, through an "accounting of [its] damages and costs." *Id.*

While this Court has never decided whether the Eighth Amendment applies to civil forfeiture proceedings brought under section 881, several other Circuit Court decisions provide guidance. In a case involving the forfeiture of a claimant's condominium in which he had made two sales of cocaine for a total sum of $250, the Second Circuit read *Halper* to apply to civil forfeitures. *United States v. Certain Real Property and Premises Known as 38 Whalers Cove Drive, Babylon, New York*, 954 F.2d 29, 35 (2d Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 55, 121 L.Ed.2d 24 (1992). The Court held that:

> [A] forfeiture under 21 U.S.C. § 881(a)(7) will not be presumed punitive where the seized property has been used substantially to accomplish illegal purposes, so that the property itself can be said to be "culpable" or an instrumentality of crime. Where the seized property is not itself an instrumentality of crime, however, *and* its total value is overwhelmingly disproportionate to the value of controlled substances involved in the statutory violation, there is a rebuttable presumption that the forfeiture is punitive in nature.

*Id.* at 36 (citation omitted; emphasis in original). The court ultimately determined, however, that "[e]ven assuming the entire amount of the forfeiture here is punishment, it does not violate the outer confines set by the Eighth Amendment." *Id.* at 38.

Similarly, several other circuits, while recognizing that civil forfeiture provisions have been limited by some criminal safeguards,[8] have failed to extend Eighth Amendment protections to civil forfeitures. *See United States v. One Parcel of Property Located at 508 Depot Street*, 964 F.2d 814, 817 (8th Cir.1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 1036, 122 L.Ed.2d 347 (1993) (court reluctantly agrees that the Eighth Amendment does not apply in a civil forfeiture action); *United States v. One Parcel of Real Property With Bldgs.*, 960

F.2d 200, 207 (1st Cir.1992) (recognizing that although the Second Circuit decided section 881(a)(7) forfeitures are subject to a proportionality analysis, the First Circuit "has ruled the other way, taking the unequivocal position that proportionality analysis is inappropriate in civil forfeiture cases brought under section 881(a)(7)."); *Certain Real Property*, 943 F.2d at 727 (holding that the Seventh Circuit continues to adhere to the view that the Eighth Amendment does not apply to civil *in rem* actions); *United States v. Real Property and Residence at 3097 S.W. 111th Ave.*, 921 F.2d 1551, 1557 (11th Cir.1991) (noting that the Eighth Amendment proportionality analysis used in criminal forfeiture cases does not apply in civil forfeiture cases); *United States v. On Leong Chinese Merchant Ass'n Bldg.*, 918 F.2d 1289 (7th Cir. 1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 52, 116 L.Ed.2d 29 (1991) (recognizing that courts have uniformly held that the Eighth Amendment does not apply to civil *in rem* actions since they are remedial in nature and not punishments for crimes); *United States v. Santoro*, 866 F.2d 1538, 1542 (4th Cir.1989) (court declined to extend Eighth Amendment protections to civil forfeiture actions brought pursuant to section 881(a)(7)); *United States v. Tax Lot 1500*, 861 F.2d 232, 235 (9th Cir.1988), *cert. denied*, 493 U.S. 954, 110 S.Ct. 364, 107 L.Ed.2d 351 (1989) (finding that *in rem* proceedings are against the *res* rather than against the individual and therefore it is difficult to deny that the Eighth Amendment proportionality requirement does not apply to civil forfeiture).

We recognize that the remedial, non-punitive purposes of 21 U.S.C. § 881 are extremely strong. Specifically, "[t]hese remedial purposes include removing the incentive to engage in the drug trade by denying drug dealers the proceeds of ill-gotten gains, stripping the drug trade of its instrumentalities, including money, and financing Government programs designed to

---

8. *See, e.g., United States v. United States Coin & Currency*, 401 U.S. 715, 721–22, 91 S.Ct. 1041, 1044–45, 28 L.Ed.2d 434 (1971) (privilege against self-incrimination applies in civil forfeiture cases); *One 1958 Plymouth Sedan v. Penn-*

*sylvania*, 380 U.S. 693, 702, 85 S.Ct. 1246, 1251, 14 L.Ed.2d 170 (extending the protection of the Fourth Amendment exclusionary rule to civil forfeitures).

eliminate drug-trafficking." *Santoro*, 866 F.2d at 1544. We need not decide whether there are any situations where a forfeiture might cross the line of condemning an instrumentality of crime and move into the area of punishing a defendant by depriving him of his estate. Even assuming, *arguendo*, that the Eighth Amendment's protections do extend to the forfeiture of the claimant's home, the line at which forfeiture becomes disproportionate punishment or an excessive fine has not been crossed in this case.

Although section 881(a)(7) does not place an express limit on the extent of real property that is forfeitable, this section, by its explicit and broad terms allows for the forfeiture of entire parcels of land (used in the violation of the statute) regardless of the magnitude of the infraction. Specifically, the statute calls for the forfeiture of:

> All real property, including any right, title, and interest ... in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment. . . .

21 U.S.C. § 881(a)(7). Forfeiture has been enforced even for truly de minimis infractions. *See United States v. A Parcel of Land With a Building Located Thereon*, 884 F.2d 41, 43 (1st Cir.1989) (citing *United States v. Premises Known as 3639 2nd Street, Northeast Minneapolis, Minnesota*, 869 F.2d 1093 (8th Cir.1989)).

In the case at issue, the claimant turned his entire attic area into a growing room for marijuana. He had carried away at least forty (40) marijuana plants from this room only hours before the execution of the search warrant which uncovered two remaining pots of marijuana and a plethora of marijuana cultivating equipment and supplies. Claimant's home, valued at approximately $65,000, was forfeited as a result of these activities. We find that the forfeiture was not "grossly disproportionate" nor was it unconstitutionally harsh when balanced against the nature of claim-

ant's crime and the extent of his unlawful agricultural activities. *Accord Premises Known as 38 Whalers Cove Drive*, 954 F.2d at 34–35 (forfeiture of a $68,000 interest in a condominium was not unconstitutionally disproportionate vis-a-vis the claimant's sale of $250 worth of cocaine on the premises).

## V.

For the aforementioned reasons, we AFFIRM the District Court's grant of summary judgment to the government and its order that the claimant's property be forfeited to the United States.