30 F.3d 135
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
$6,200.00 IN UNITED STATES CURRENCY, Defendant,
Darrell G. Frazier, Claimant-Appellant.
 No. 93-5419.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 1
 Before: MILBURN and NELSON, Circuit Judges; and COOK, Chief District Judge.*
 
 ORDER
 
 2
 Darrell G. Frazier, a pro se federal prisoner, appeals a district court judgment ordering the forfeiture of $6,200.00 in United States currency pursuant to 21 U.S.C. Sec. 881(a)(6). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, officers of the Drug Enforcement Administration (DEA) seized $6,200.00 from claimant Darrell Frazier during the execution of an arrest warrant. In 1990, the United States commenced forfeiture proceedings against Frazier's money pursuant to 21 U.S.C. Sec. 881(a)(6). Following a trial, a jury found that the currency was subject to forfeiture. Pursuant to the jury's verdict, the district court entered judgment on behalf of the United States and ordered that the currency be forfeited.
 
 
 4
 In his timely appeal, Frazier essentially contends that the jury's verdict was not supported by the evidence. He requests oral argument.
 
 
 5
 This court reviews the evidence in the light most favorable to the prevailing party to determine whether sufficient evidence supports the jury's verdict. See Calhoun v. Baylor, 646 F.2d 1158, 1160 (6th Cir.1981).
 
 
 6
 Upon review, we conclude that the jury's verdict is supported by the evidence. The jury chose to disregard Frazier's evidence as not credible. It is the jury's duty to resolve conflicts in the evidence, and the jury's credibility determinations are entitled to great deference from this court. Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985). The evidence in the light most favorable to the government establishes that the government has met its burden of showing that the $6,200.00 was subject to forfeiture. See United States v. 566 Hendrickson Blvd., 986 F.2d 990, 995 (6th Cir.1993). Finally, we conclude that Frazier's contention that the district court erred in allowing him to be brought into court in front of the jury in shackles cannot be addressed by this court because Frazier did not raise the issue in the district court. See American Anodco, Inc. v. Reynolds Metal Co., 743 F.2d 417, 424 (6th Cir.1984).
 
 
 7
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation