54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
$23,000.00 IN UNITED STATES CURRENCY; Defendant,
John Michael Williams, Appellant.
 No. 94-6100.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1995.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 In this civil forfeiture action brought under 21 U.S.C. Sec. 881(a)(6), claimant John Michael Williams appeals a district court's grant of summary judgment in favor of the United States. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 The facts are set forth in the district court's opinion and order and will not be repeated here. Suffice it to say that an in rem action was brought to obtain forfeiture of $23,000.00 seized at the Northern Kentucky/Greater Cincinnati International Airport and alleged to be proceeds of drug transactions. The United States District Court for the Eastern District of Kentucky granted summary judgment in favor of the United States, and the claimant appeals.
 
 
 4
 Upon review, we affirm the district court's judgment as there is no genuine issue as to any material fact and the plaintiff is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir. 1993).
 
 
 5
 The first inquiry in this case is whether Officer Bunning had sufficient justification to seize Williams's luggage while Bunning obtained a search warrant. An officer has probable cause if the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).
 
 
 6
 At the time Officer Bunning seized William's luggage, he knew the following facts: Williams matched the drug courier description provided by the confidential informant; Williams purchased a cash one-way ticket shortly before departure; Williams traveled to the New York City area (a similar destination which other couriers had used in the past month); Williams failed to provide a phone contact; Williams traveled with only a carry-on bag; and Williams refused to present identification. Taken together, these facially innocent actions combine to create bona fide suspicions sufficient to seize Williams's luggage. See Illinois v. Gates, 462 U.S. 213, 243-45 (1983); United States v. Respress, 9 F.3d 483, 485-87 (6th Cir. 1993); United States v. $67,220.00 in United States Currency, 957 F.2d 280, 285 (6th Cir. 1992).
 
 
 7
 The record also supports the district court's conclusion that Williams consented to the initial encounter with Officer Bunning. The initial encounter occurred in the public airport concourse and lasted only a few minutes. Officer Bunning never intimidated Williams by touching him or by displaying a weapon. Further, Officer Bunning did not retain Williams's ticket or driver's license. Although Officer Bunning explained to Williams that he was investigating narcotics and narcotics proceeds being transported through the airport, he did not tell Williams that he was the focus of a narcotics investigation. Significantly, Officer Bunning explained to Williams that he was not under arrest and was free to leave on his flight but the bag was being retained. Accordingly, the district court did not err in finding that Williams's initial encounter with Officer Bunning was consensual in nature and did not ripen into an investigatory detention. See United States v. Mendenhall, 446 U.S. 544, 554 (1980); Terry v. Ohio, 392 U.S. 1, 21 (1968); United States v. Nunley, 873 F.2d 182, 185 (8th Cir. 1989); United States v. Campbell, 843 F.2d 1089, 1093 (8th Cir. 1988).
 
 
 8
 The final inquiry in this case is whether the government established probable cause to justify the forfeiture under 21 U.S.C. Sec. 881(a)(6). The district court properly concluded that the government established probable cause for the forfeiture. There were many factors contributing to probable cause in this case. In addition to the factors stated previously, the narcotics dog alerted on Williams's bag. While the evidentiary value of the narcotics dog's alert is minimal in light of the extent of narcotics contamination of currency in circulation, see United States v. $5,000.00in United States Currency, 40 F.3d 846, 849-50 (6th Cir. 1994), in the aggregate, the evidence established probable cause for the forfeiture. Williams's blanket assertion of his Fifth Amendment privilege did not carry Williams's burden of proving that the money was not subject to forfeiture. See United States v. Certain Real Property 566 Hendrickson Blvd., 986 F.2d 990, 995 (6th Cir. 1993).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation