70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert RIGGINS, Plaintiff-Appellant,
v.
Gary KASENOW; John S. Rubitschun; Joseph P. McCarroll; C.
Green, Defendants-Appellees.
 Nos. 95-1071, 95-1186.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1995.
 
 Before: LIVELY, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Robert Riggins, pro se, appeals from the district court's order granting defendants' motion to dismiss, as well as the order denying plaintiff's motion to alter or amend judgment. Riggins also appeals the order of the district court granting the defendants' motion to tax costs and ordering Riggins to pay to the defendants' attorney, the Attorney General for the State of Michigan, the amount of $40.40. 29 U.S.C. Sec. 1920; Fed.R.Civ.P. 54(d).
 
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Riggins alleged that three members of the Michigan Parole Board and a parole agent unlawfully found him guilty of violating his parole. Riggins claimed that he was denied due process by the defendants' actions taken during his allegedly "defective" parole revocation hearing. Riggins requested compensatory damages and declaratory relief.
 
 
 4
 The matter was referred to a magistrate judge, who recommended that the complaint be dismissed. Plaintiff filed objections. The district court adopted the magistrate's recommendations and dismissed the complaint in its entirety. Subsequently, the district court determined that an appeal of the matter would not be in good faith under 28 U.S.C. Sec. 1915(a). Upon motion by the plaintiff, this court granted Riggins leave to proceed in forma pauperis, but only on the issue of whether Riggins was denied due process during his parole revocation hearing.
 
 
 5
 On appeal, Riggins makes the following three arguments: 1) the district court lacked jurisdiction to consider his Sec. 1983 claim for damages, and should have dismissed his case without prejudice; 2) this court should "rule" on the issue of whether the district court should have addressed the merits of his claim or should have dismissed the complaint without prejudice to later refile his claim, under Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), and Preiser v. Rodriguez, 411 U.S. 475, 482 (1973); and 3) this court should take judicial notice of his federal habeas corpus proceeding now pending in the District Court for the Western District of Michigan.
 
 
 6
 We review the district court's grant of summary judgment de novo. City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); City Mgmt. Corp., 43 F.3d at 250.
 
 
 7
 Upon review, this court concludes that the district court's orders should be affirmed, but for reasons other than those stated by the district court. City Mgmt. Corp., 43 F.3d at 251. The documents submitted by the defendants in support of their motion for summary judgment reveal that Riggins received all the due process required before his parole was revoked. See Morrissey v. Brewer, 408 U.S. 471, 487-90 (1972). Both the Supreme Court and this court have recognized that parole revocation hearings are more flexible than criminal trials. Morrissey, 408 U.S. at 489; United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991). Further, Riggins has not gone beyond the pleadings to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); United States v. Certain Real Property, 986 F.2d 990, 996 (6th Cir.1993). Thus, the district court properly granted summary judgment on this issue.
 
 
 8
 Accordingly, the district court's orders denying the plaintiff's motion to alter or amend its judgment and granting the defendants' motion for summary judgment are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.