81 F.3d 162
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 1914 AUTEN DRIVE, AKRON, OHIO,
Including all Fixtures, Improvements, and
Appurtenances, Defendant,
James Dillehay, Defendant-Appellant.
 
 1
 No. 95-3679.
 
 
 2
 United States Court of Appeals, Sixth Circuit.
 
 
 3
 March 22, 1996.
 
 
 4
 Before: MARTIN and MOORE, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 5
 This pro se federal litigant appeals a district court judgment denying his Motion for Relief from Judgment or Order filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 James Dillehay argued in the district court that a Decree of Forfeiture and Consent Order of Dismissal should be vacated because Attorney Michael L. Nelson never consulted with him regarding a settlement stipulation prior to its filing in the district court. The district court denied Dillehay's Rule 60(b) motion. Dillehay appeals that judgment.
 
 
 7
 In his timely appeal, Dillehay argues that the Decree of Forfeiture and Consent Order of Dismissal should be vacated because Attorney Nelson did not represent him.
 
 
 8
 Initially, we note that Dillehay did not raise his appellate argument in the district court. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994); United States v. Certain Real Property, 986 F.2d 990, 997 (6th Cir.1993). Dillehay claimed in the district court that Attorney Nelson did not consult with him regarding a settlement stipulation. Dillehay's claim, in essence, presupposes an attorney-client relationship because Dillehay claimed that the relationship broke down. On appeal, Dillehay makes a substantially different argument. He contends that an attorney-client relationship did not exist between him and Attorney Nelson. No exceptional circumstances warranting review exist in this case. In addition, Dillehay's argument is meritless.
 
 
 9
 The granting of a motion under Rule 60(b)(1) is a matter addressed to the sound discretion of the trial court, and that determination will not be reversed except for abuse of discretion. See In re Salem Mortg. Co., 791 F.2d 456, 459 (6th Cir.1986).
 
 
 10
 The district court did not abuse its discretion. Dillehay contends that his interest in a parcel of real property should not have been forfeited because the attorney who entered a settlement stipulation in the civil forfeiture action did not represent him. When a client hires an attorney and holds him out as counsel representing him in a matter, the client clothes the attorney with apparent authority to settle claims connected with the matter. Capital Dredge & Dock Corp. v. City of Detroit, 800 F.2d 525, 531 (6th Cir.1986). A third party who reaches a settlement agreement with an attorney employed to represent his client in regard to the settled claim is generally entitled to enforcement of the settlement agreement, and a third party may rely on the attorney's apparent authority unless he has reason to believe that the attorney has no authority to negotiate a settlement. Id. at 530-31.
 
 
 11
 The record reveals that Attorney Nelson was retained to represent Dillehay in regard to the forfeiture action and that he had apparent authority to settle the claim. Dillehay admits that Attorney Nelson was retained by Dillehay's daughter. Attorney Nelson filed a Verified Complaint for Injunctive Relief on behalf of the defendants, and Dillehay was explicitly set forth as a party defendant. Thus, Attorney Nelson was employed to represent Dillehay and others with regard to the civil forfeiture of the subject property. Furthermore, Dillehay held Attorney Nelson out as his counsel by referring to Attorney Nelson as "his agent."
 
 
 12
 For his part, Attorney Nelson conducted himself as Dillehay's attorney. Nelson certified in the settlement stipulation that Dillehay had been represented by counsel, and Nelson averred that he represented Dillehay.
 
 
 13
 In light of the foregoing, the United States properly relied on Attorney Nelson's apparent authority to enter a stipulated settlement.
 
 
 14
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation