97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
Jeffrey NAVIN, et al., Defendants,
and
Dennis Santiago, Defendant-Appellant.
Dennis SANTIAGO, Petitioner-Appellant,
v.
U.S. MARSHAL, Respondent-Appellee.
 No. 96-15557.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1996.*
Decided Sept. 25, 1996.
 
 1
 Before: BEEZER and THOMPSON, Circuit Judges, and GONZALEZ, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 * Dennis Santiago appeals the district court's denial of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2242 et seq. Santiago was incarcerated for contempt of court when he failed to show that he could not satisfy a court order to pay fines levied by the Securities and Exchange Commission (SEC) against him for violations of securities laws. Santiago contends the finding of contempt and his incarceration violate his Fifth Amendment right against self-incrimination.
 
 
 4
 We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of a petition for habeas corpus, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and we affirm.
 
 II
 
 5
 In 1993, the SEC brought a complaint against Santiago and several other defendants for selling approximately $4.4 million in unregistered securities as part of a fraudulent investment program. Without admitting guilt, Santiago, on behalf of himself and a company of which he was Chief Executive Officer, consented to the entry of a final judgment and agreed to pay $50,000 in civil penalties within thirty days. After seven months of nonpayment, the district court found Santiago in contempt and issued a bench warrant for his arrest. Santiago was taken into custody shortly thereafter.
 
 
 6
 An evidentiary hearing on Santiago's ability to pay the civil penalties was held before a magistrate judge. Using his deposition testimony, Santiago asserted he was unable to pay the $50,000. Despite evidence that he controlled or had been associated with at least eleven bank accounts at several financial institutions, Santiago refused, with the exception of records for his wife's checking account, to produce any financial statements from his bank accounts or from businesses with which he had been associated. Santiago, who was under investigation by the State of Montana for securities fraud, asserted that the Fifth Amendment shielded him from producing this evidence.
 
 
 7
 Santiago's wife, Laura, testified that businesses her husband controlled or had been associated with maintained multiple bank accounts at numerous financial institutions. She also stated that her husband travelled overseas and had possibly invested $2,000 of her income in an account abroad. Laura Santiago further testified that she had borrowed $20,000 from her mother and received gifts and loans totalling several thousand more from friends during Santiago's confinement, and that she had spent the money. She also asserted her Fifth Amendment privilege in response to questions about business ventures under scrutiny by the Montana Securities Department.
 
 
 8
 The magistrate judge issued Findings and Recommendations in which she concluded that Santiago had not met his burden of production to establish that he could not pay or borrow the funds to pay the SEC fines. The district court approved the magistrate judge's findings and ordered Santiago to remain in custody for contempt. Santiago did not appeal this order.
 
 
 9
 Six months later, Santiago filed the present petition for habeas relief. He contended that he was being unconstitutionally confined for asserting his Fifth Amendment privilege. The district court denied the petition.
 
 
 10
 The district court first stated that it could dismiss the petition as an impermissible appeal but it elected to address the merits in order to clarify the basis for Santiago's continued confinement.[1] The district court explained that Santiago was not incarcerated because of his refusal, on Fifth Amendment grounds, to answer questions or produce documents. He was incarcerated because he had been ordered by the district court to pay the SEC fines and had then failed to do so, and then failed to meet his burden of establishing that he was unable to pay. Relying on United States v. Rylander, 460 U.S. 752 (1983), the district court held that Santiago's assertion of his Fifth Amendment privilege did not excuse him from producing evidence of his inability to comply with the court order.
 
 III
 
 11
 We agree with the district court that this case is analogous to Rylander. In Rylander, the defendant was held in contempt of court because he refused to comply with a district court order enforcing a summons issued by the Internal Revenue Service for production of corporate records. The defendant stated that he was unable to comply with the enforcement order and, when questioned, asserted his Fifth Amendment privilege.
 
 
 12
 The Supreme Court held that "the claim of privilege is not a substitute for relevant evidence" when the claimant bears the burden of showing "his present inability to comply with [a court] order." Id. at 761. "We have squarely rejected the notion ... that a possible failure of proof on an issue where the defendant had the burden of proof is a form of 'compulsion' which requires that the burden be shifted from the defendant's shoulders to that of the government." Id. at 758. To hold otherwise "would convert the privilege from a shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." Id.
 
 
 13
 Santiago, like the defendant in Rylander, was not "incarcerated because he refused to submit himself to cross-examination by the Government at the contempt hearing. He was held in contempt [and incarcerated] for failure to comply with a previous order of the District Court...." Id. at 760. Santiago was ordered to pay the civil penalties to the SEC and he failed to establish his inability to do so. His confinement was, and continues to be, based on this and not on his invocation of the Fifth Amendment.
 
 
 14
 Santiago's efforts to distinguish his case from Rylander are unpersuasive. Contrary to his contention, Rylander is not limited to tax cases. Although the Rylander Court mentioned the importance to the tax system of self-reporting, it is clear the basis of the decision is the Court's determination that requiring a contemnor to meet his burden of proof for a defense of impossibility is not compulsion within the meaning of the Fifth Amendment. Id. at 758.[2]
 
 
 15
 The cases Santiago cites as examples of contemnors being protected from incriminating themselves by the Fifth Amendment are inapposite. See FDIC v. Sovereign State Capital, Inc., 557 F.2d 683 (9th Cir.1977); United States v. Rendahl, 746 F.2d 553 (9th Cir.1984); United States v. Jones, 703 F.2d 473 (10th Cir.1983); United States v. Edgerton, 734 F.2d 913 (2d Cir.1984). As the district court correctly noted, these cases involve defendants held in contempt for asserting their Fifth Amendment privilege, not for failing to comply with a previous court order.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because the district court elected to address the merits of Santiago's petition, it is not necessary for us to decide whether the district court was correct in stating that it could have dismissed the petition as an impermissible appeal
 
 
 [2]
 See also United States v. 566 Hendrickson Blvd., 986 F.2d 990, 996 (6th Cir.1993) (applying Rylander in forfeiture proceeding); Gniotek v. City of Philadelphia, 808 F.2d 241, 245 & n. 7 (3d Cir.1986) (applying Rylander in employment dismissal action)