**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**ANY AND ALL RADIO STATION TRANSMISSION EQUIPMENT, et al., Defendants,**

**Charles E. Hawkins, Defendant–Appellant.**

No. 03–4238.

United States Court of Appeals, Sixth Circuit.

June 21, 2004.

Mark S. Davies, U.S. Department of Justice, Civil Division, Washington, DC, for Plaintiff–Appellee.

Charles E. Hawkins, Toledo, OH, pro se.

Before: DAUGHTREY, GIBBONS, and COOK, Circuit Judges.

*ORDER*

Charles E. Hawkins, an Ohio resident proceeding pro se, appeals a district court order granting summary judgment to the government in this civil in rem forfeiture action brought under the Communications Act of 1934 (47 U.S.C. §§ 151–614). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The United States brought this civil in rem forfeiture action under the Communications Act of 1934 (47 U.S.C. §§ 151–614) against radio transmission equipment used by Hawkins for unlicensed radio broad-

casting. The undisputed facts show that Hawkins transmitted radio signals and programs without the requisite authority and license to do so. The transmissions, which occurred from April 19 to December 30, 2002, were made with equipment located in Hawkins's home in Toledo, Ohio. In response to the government's complaint for forfeiture, Hawkins did not deny that he had been broadcasting from a radio station without a license but instead raised several constitutional and statutory objections to the forfeiture. The district court granted summary judgment to the government after concluding that the government had satisfied its burden of establishing that Hawkins had failed to present a valid defense to the forfeiture action. This appeal followed.

We review de novo a grant of summary judgment. *See EEOC v. Northwest Airlines, Inc.,* 188 F.3d 695, 701 (6th Cir. 1999). Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). In the context of forfeiture, this court has instructed:

> Summary judgment procedures under Rule 56, Fed.R.Civ.P., must necessarily be construed in the light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein. Those procedures themselves are quite summary, especially when compared to normal civil actions.

*United States v. One 1975 Mercedes 280S,* 590 F.2d 196, 199 (6th Cir.1978).

The Communications Act of 1934 was enacted "to maintain the control of the United States over all the channels of radio transmission; and to provide for the use of such channels ... by persons for limited periods of time, under licenses granted by Federal authority." 47 U.S.C. § 301. It prohibits radio broadcasting without a license unless specifically exempted under the Act. *See id.;* 47 C.F.R. § 15.1. Regulations promulgated by the FCC under the Act provide that certain low-power radio transmissions may be exempt from licensing. For transmissions falling within the frequency range of 88–108 MHz on the FM broadcast band to be exempted, the strength must not exceed 250 microvolts per meter at 3 meters. 47 C.F.R. § 15.239(b).

When a broadcaster violates the § 301 licensing requirement with willful and knowing intent, the United States is authorized to seize and forfeit the equipment used in connection with the unlicensed radio broadcasting. 47 U.S.C. § 510(a). The procedures for seizing such equipment shall be the same as those provided by "the supplemental rules for certain admiralty and maritime claims by any district court of the United States having jurisdiction over the property." 47 U.S.C. § 510(b). In addition, seizure and forfeiture under this provision are governed by the laws relating to the seizure and forfeiture of property for violation of the customs laws. 47 U.S.C. § 510(c)(1).

In bringing a forfeiture action under § 510, the government must show probable cause to support the forfeiture. *See* 19 U.S.C. § 1615; *United States v. Any and All Radio Station Transmission Equip.,* 204 F.3d 658, 666 (6th Cir.2000); *United States v. One(1) 1966 Beechcraft Baron,* 788 F.2d 384, 387 (6th Cir.1986). If the government establishes probable cause, then the burden shifts to the claimant to prove by a preponderance of the evidence that the equipment is not subject to forfeiture. *See One(1) 1966 Beechcraft Baron,* 788 F.2d at 387. "It is well settled that the government is entitled to a judgment of forfeiture upon an unrebutted showing of probable cause." *United States v. Certain Real Property 566 Hendrickson Boulevard,* 986 F.2d 990, 995 (6th Cir.1993).

In this case, the government established probable cause for the forfeiture of radio transmission equipment used in broadcasting the radio station at from Hawkins's home. The government's affidavit shows that the FCC found on four separate occasions that the radio station was operating at the 92.1 frequency despite FCC warnings to cease and desist. A review of the FCC's records shows that no license had ever been issued for this radio station. It is undisputed that the radio station was broadcasting in violation of § 301 of the Communications Act. Hawkins offered no evidence to contest the government's proof of his use of the equipment in an unlawful manner; at most, he makes conclusory and otherwise unsupported assertions about his conduct.

The government also presented significant evidence that Hawkins was willfully and knowingly broadcasting from a radio station without a license in violation of § 301. Hawkins admitted to broadcasting from the radio station. The FCC gave Hawkins both oral and written notice that such broadcasting without a license was in violation of the Communications Act. Hawkins, however, continued to broadcast from the radio station. Hawkins does not dispute any of these facts or present any evidence to show that he operated the unlicensed radio station without knowing and willful intent. Thus, the district court did not err in concluding that Hawkins violated § 301 with knowing and willful intent.

Hawkins's remaining arguments on appeal are without merit.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.