**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0053n.06

**Nos. 19-3199**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jan 27, 2020<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| $46,340.00 IN U.S. CURRENCY, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| Defendant, | ) | DISTRICT OF OHIO |
| | ) | |
| GEORGE ABERNATHY, | ) | |
| | ) | |
| Claimant-Appellant. | ) | |

BEFORE: MERRITT, CLAY, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

The Drug Enforcement Administration seized $46,340.00 in U.S. Currency from a residence in Toledo, Ohio pursuant to a search warrant, leading the government to commence this forfeiture proceeding. Claimant George Abernathy filed a verified claim attesting to his ownership of the money, but refused to answer the government's discovery requests "on the basis of his Fifth Amendment Rights." So the government moved to strike his claim for lack of standing and for summary judgment under Federal Rule of Civil Procedure 56 and Rule G(8)(c) of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions. A magistrate judge recommended that the district court grant the government's

motion for lack of standing. The district court overruled Abernathy's objections, adopted the report and recommendation, and ordered the money forfeited. Abernathy appeals.

"[W]e review a district court's decision to strike a claim in an *in rem* forfeiture action for an abuse of discretion. However, we review *de novo* the district court's determination of a claimant's standing to contest a federal forfeiture action." *United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 347 (6th Cir. 2017) (brackets, internal quotation marks, and citations omitted).

This appeal is meritless. Abernathy "bears the burden of demonstrating an interest in the seized [currency] sufficient to satisfy the court of his standing as a claimant." *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 498 (6th Cir. 1998). Mere physical possession of property does not suffice to show standing; instead, we "require some explanation or contextual information regarding the claimant's relationship to the seized property." *Id.*

Abernathy's universal invocation of the Fifth Amendment during discovery foreclosed any way for him to sustain this burden: "[A] blanket assertion of the [Fifth Amendment] privilege is no defense to a forfeiture proceeding," *United States v. Certain Real Prop. 566 Hendrickson Blvd., Clawson, Oakland Cty., Mich.*, 986 F.2d 990, 996 (6th Cir. 1993), and likewise cannot be used as "a sword . . . to make one's assertions of ownership impervious to attack," *United States v. $31,000.00 in U.S. Currency*, 774 F. App'x 288, 292 (6th Cir. 2019). Otherwise, a "claim of privilege . . . could furnish [a claimant] with what may be false evidence and prejudice the government by depriving it of any means of detecting the falsity." *United States v. $99,500.00 U.S. Currency Seized on Mar. 20, 2016*, --- F. App'x ---, 2019 WL 5783471, at *4 (6th Cir. Nov. 6, 2019).

Having properly struck Abernathy's verified claim as a Fifth-Amendment sword, *$31,000.00 in U.S. Currency*, 774 F. App'x at 292, the district court was left with a "record devoid of any other evidence that would demonstrate standing to contest the forfeiture," *id*.; *see also $99,500.00 U.S. Currency Seized on Mar. 20, 2016*, 2019 WL 5783471, at \*4 (similar). The government was therefore entitled to summary judgment on the basis of lack of standing. And because Abernathy lacked Article III standing, we will not consider his merits-based contention regarding "the propriety of the initial seizure." *$31,000.00 in U.S. Currency*, 774 F. App'x at 292 n.2; *see also Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) ("[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.").

For these reasons, we affirm the district court's judgment.