UNITED STATES of America,
Plaintiff,

v.

ONE HARRINGTON AND RICHARDSON RIFLE, MODEL M–14, 7.62 CALIBER SERIAL NUMBER 85279, Defendant.

No. 1:02–CV–870.

United States District Court,
W.D. Michigan,
Southern Division.

June 20, 2003.

Brian K. Delaney, U.S. Attorney (Grand Rapids), Grand Rapids, MI, for United States of America, plaintiff.

Michael F. Berney, Dimondale, MI, pro se.

## OPINION

ROBERT HOLMES BELL, Chief Judge.

The government filed a motion for summary judgment on April 18, 2003, regarding its Complaint for Forfeiture *In Rem* against Defendant property (the "Property"), One Harrington and Richardson M–14 Rifle owned by Claimant Michael F. Berney. The government alleges that it has met the burden of proof regarding its complaint, that Claimant has presented no evidence in response raising a genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. For the following reasons, Plaintiff's motion for summary judgment is GRANTED.

### I.

The Property was seized by the Bureau of Alcohol, Tobacco and Firearms ("ATF") on January 9, 2002, examined by the Firearms Technology Branch ("FTB") of the ATF, and a report issued concluding that it qualified as a machine gun under the National Firearms Act ("NFA"), 26 U.S.C. § 5845(b). (Pl.'s Mot. Summ. J. Ex. B. FTB Report at 1, Ex. A. Aff. J. Walsh at 3). ATF also conducted a search of the National Firearms Registration and Transfer Record ("NFRTR") and determined that the Property was not registered to Claimant or to any other person. (Pl.'s Mot. Summ. J. Ex. C. NFA Report at 1). Therefore, the government concluded that the firearm was in Claimant's possession in violation of 26 U.S.C. § 5861(d), which makes it unlawful for any person to possess a machine gun that is not registered to that person in the NFRTR. Subsequently, the government filed a Complaint for Forfeiture *In Rem* on December 26, 2002, alleging that the Property was subject to forfeiture pursuant to 26 U.S.C. § 5872(a).

### II.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R. CIV.P. 56(c). Facts are "material" if under the substantive law, their existence "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). After viewing the evidence in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), an issue concerning a material fact is genuine if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

The nonmoving party does not create a genuine issue of material fact through "mere allegations or denials." FED.R. CIV.P. 56(e). Instead, the nonmoving party "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED.R. CIV.P. 56(e).

### III.

The government bears the burden of proof regarding the Complaint for Forfeiture *In Rem*. Therefore, in order to rule on this motion, this Court must determine: 1) whether the government has presented sufficient evidence to meet that burden, and; 2) whether the Claimant has presented evidence challenging the government's proof sufficient to create a genuine issue of material fact. An analysis of the govern-

ment's evidence in support of its burden of proof is required.

■ The seizure, forfeiture, and condemnation of property by the ATF is governed by provisions of the Customs Laws. 18 U.S.C. § 3051(c)(1). Under 26 U.S.C. § 5872(a), property involved in a violation of the NFA is subject to seizure and forfeiture to the United States. Once property is seized for forfeiture by the government and a claim of ownership is filed, the government must satisfy its initial burden by demonstrating that it had probable cause to believe that the property was used in violation of law. *See* Customs Law, 19 U.S.C. § 1615; *United States v. Any and All Radio Station Transmission Equip.*, 218 F.3d 543, 548 (6th Cir.2000). This burden requires "less than prima facie proof but more than mere suspicion" to believe that the property in question was used in violation of law. *U.S. v. Real Property Known and Numbered as Rural Route 1, Box 137–B*, 24 F.3d 845, 848 (6th Cir.1994) (quoting *United States v. 526 Liscum Drive*, 866 F.2d 213, 216 (6th Cir. 1989)). If the government establishes probable cause, the burden shifts to the claimant to establish by a preponderance of the evidence that the property was not related to the violation of law. 19 U.S.C. § 1615. If the claimant satisfies this burden, the burden shifts back to the government, requiring the proffer of "probative admissible evidence to contest the claimant's proof." *United States v. $129,727.00 U.S. Currency*, 129 F.3d 486, 492 (9th Cir. 1997).

■ In the present case, the government must show that it had probable cause to believe that the Property was possessed or transferred in violation of the NFA. The alleged violation is the possession of an unregistered machine gun. Therefore, the government bears the burden in proving: 1) the Property qualifies as a machine gun

under the NFA; 2) the Property was possessed by Claimant and was not registered to him in the NFRTR. To satisfy the first element, the government must prove: 1) that the firearm is classified as a machine gun under the standards set forth in the NFA and; 2) that this classification was the product of reasonable analysis and was not "arbitrary, capricious, or an abuse of discretion." *United States v. Seven Misc. Firearms*, 503 F.Supp. 565, 578–79 (D.D.C. 1980). Under the NFA, a firearm is classified as a machine gun if it shoots or is designed to shoot automatically, or can be "readily restored" to shoot automatically. 26 U.S.C. § 5845(b). Under ATF rules, a weapon is "designed to shoot" if it possesses "specific machine gun design features which facilitate automatic fire by simple modification or elimination of existing component parts." ATF Rul. 82–2, 27 CFR 479.11. A firearm satisfies the "readily restorable" test if it can be made capable of automatic operation through some form of restoration, including restoration requiring a degree of skill and the use of tools and parts. *United States v. Smith*, 477 F.2d 399, 400 (8th Cir.1973).

■ The government has presented evidence that the Property was properly classified as a machine gun under the NFA. First, the government has shown that the M–14 has been classified as a machine gun by the ATF since 1958. Rev. Rul. 58–417, 1958–2 C.B. 875 (1958). Further, FTB Report Enforcement Officer Vasquez filed a report based on his examination of the Property, stating that it had the features necessary to facilitate automatic fire by simple modification and therefore, it satisfied both the "designed to shoot" and the "readily restorable" criterion necessary to classify it as a machine gun under the NFA. (Pl.'s Mot. Summ. J. Ex. B., FTB Report at 2; Ex. A. Aff. J. Walsh at 3). This determination was made after a rea-

sonable analysis of the Property by an expert. Further, the fact that the M–14 has been classified as a machine gun since 1958 weighs against the possibility that the classification of the Property, an M–14, was "arbitrary, capricious, or an abuse of discretion." *Seven Misc. Firearms,* 503 F.Supp. at 578.

In his response, Claimant asserts that the Property was removed from the list of firearms regulated by the NFA in 1975 because it was properly destroyed in accordance with the standards issued by the ATF at that time. Claimant offers a letter from the seller of the Property describing a conversation that seller had with a former ATF employee confirming that the firearm in question was destroyed and removed from the NFA regulation. As the government properly points out in its Reply, this letter fails to satisfy Rule 56(e) of the Federal Rules of Civil Procedure. Claimant's only evidence in support of his assertion is an unauthenticated letter containing double hearsay allegations. He does not offer any other evidence in the form of an affidavit to support his claim. As Rule 56(e) states, a nonmoving party does not create a genuine issue of material fact through "mere allegations or denials," but must set forth specific facts through affidavits. FED.R. CIV.P. 56(e). Further, this letter does not challenge the expert report's ultimate conclusion that the Property, in its present state, exhibits the features necessary to qualify it as a machine gun under the NFA criterion. Claimant has failed to create a genuine issue of material fact by proffering this letter.

Claimant further challenges the findings of the government's expert report, stating that certain portions are incorrect or devoid of important facts. He alleges that the report fails to identify the serial number of the firearm and gives a description of the firearm that is inconsistent with one provided to him in a letter from its manufacturer. As the government has properly shown, the report does indicate that the firearm inspected and determined to be a machine gun was the Property, Claimant's M–14. (Pl.'s Mot. Summ. J. Ex. B., FTB Report at 2). Claimant offers no evidence disputing the expert findings of the report that the Property can be readily restored to automatic fire, thus classifying it as a machine gun under the NFA. Therefore, Claimant's challenges are immaterial to the ultimate findings of the report and consequently, immaterial to the issues of this proceeding.

Finally, Claimant points to the existence of similar cases currently pending in other courts, and the lack of a case pending against the manufacturer of the Property, as evidence that there are material issues of fact and law to be resolved in this case. This assertion does not constitute evidence relevant in the consideration of the present summary judgment motion before this Court.

In his Reply, Claimant does not dispute the government's assertion that the Property is not registered to him in the NFRTR and therefore, Claimant has created no genuine issue of material fact regarding that element of the government's burden of proof.

Therefore, Claimant's response to the government's motion for summary judgment does not raise any genuine issues of material fact regarding the Complaint for Forfeiture *In Rem.* Based on the evidence presented, the government is entitled to judgment as a matter of law.

## IV.

For the foregoing reasons, the government's motion for summary judgment is

GRANTED. Accordingly, an order consistent with this opinion will be entered.

### ORDER AND JUDGMENT

In accordance with the opinion entered this date,

**IT IS HEREBY ORDERED** that the government's motion for summary judgment (Docket # 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that **JUDGMENT** is entered in favor of the government and One Harrington and Richardson Rifle, Model M–14, 7.62 Caliber, Serial Number 85279 is **CONDEMNED** and **FORFEITED** to the United States of America and shall be delivered into the custody of the United States Department of Treasury for disposition according to law.