RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0258P (6th Cir.)
File Name: 04a0258p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　　*v.*　　　　　　　　　　No. 03-2106

ONE HARRINGTON AND
RICHARDSON RIFLE, MODEL
M-14, 7.62 CALIBER SERIAL
NUMBER 85279,
　　　　　　　*Defendant,*

MICHAEL F. BERNEY,
　　　　　*Claimant-Appellant.*

Filed:  June 9, 2004[*]

Before:  SILER and GIBBONS, Circuit Judges; REEVES,
District Judge.[**]

_____

[*] This order was originally issued as an "unpublished order" filed on June 9, 2004.  On July 8, 2004, the court designated the order as one recommended for full-text publication.

[**] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

———————————

## ORDER

———————————

Michael F. Berney, a Michigan resident, appeals the district court order granting summary judgment to the United States in this forfeiture action filed pursuant to 26 U.S.C. § 5872(a). The parties are represented by counsel and have waived oral argument, and the panel unanimously agrees that oral argument is not needed.  Fed. R. App. P. 34(a).

In January 2002, the Bureau of Alcohol, Tobacco, and Firearms (ATF) seized an M-14 rifle owned by Berney.  The ATF determined that the weapon qualified as a machine gun under the National Firearms Act (NFA) and that it was not registered on the National Firearms Registration and Transfer Record (NFRTR).  *See* 26 U.S.C. § 5861(d).  In December 2002, the government filed a complaint for forfeiture in rem and moved for summary judgment.  Berney, proceeding pro se, filed a response.  The district court granted summary judgment to the United States.  The court concluded that the government had established probable cause that Berney possessed an unregistered machine gun and that Berney had not carried his burden of showing that his possession of the weapon was legal.  *United States v. One Harrington and Richardson Rifle*, 278 F. Supp. 2d 888, 891-92 (W.D. Mich. 2003).

On appeal, Berney argues that the district court erred by granting summary judgment to the United States because: (1) the United States' motion was not based upon the pleadings, depositions, answers to interrogatories, admissions on file, or affidavits which complied with Rule 56(e); and (2) Berney was not provided an opportunity for discovery.

We review an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to the United States. Under 26 U.S.C. § 5861(d), it is illegal for a person to possess a machine gun that is not registered to him in the NFRTR. Property involved in a violation of the NFA is subject to seizure and forfeiture to the United States. 26 U.S.C. § 5872(a). In a civil forfeiture action, the government has the initial burden to demonstrate probable cause to believe that the property was used in violation of the law. 19 U.S.C. § 1615; *United States v. Any and All Radio Station Transmission Equip.*, 218 F.3d 543, 548 (6th Cir. 2000). Once the government establishes probable cause, the burden shifts to the claimant to prove, by a preponderance of the evidence, that the property was not related to the violation of federal law. 19 U.S.C. § 1615; *United States v. 566 Hendrickson Blvd.*, 986 F.2d 990, 995 (6th Cir. 1993). "[T]he government is entitled to a judgment of forfeiture upon an unrebutted showing of probable cause." *Any and All Radio Transmission Equip.*, 218 F.3d at 548 (quoting *566 Hendrickson Blvd.*, 986 F.2d at 995).

We agree with the district court that the United States carried its burden of proof, and that Berney failed to carry his. The ATF has classified M-14 rifles in general as machine guns since 1958, and determined that Berney's weapon in particular met the statutory and regulatory definitions of a machine gun. In response to the government's well-supported motion for summary judgment, Berney offered only conclusory opinions and unauthenticated documents. *See* Fed. R. Civ. P. 56(e). Moreover, even if the rifle's capacity to fire in full-automatic mode was destroyed as Berney maintains, that does not refute the ATF's finding that the rifle

qualified as a machine gun because it retained features specific to the M-14 and could have been readily restored to fire automatically. The ATF's analysis was thorough, its reasoning was valid, and its decision was consistent with earlier pronouncements. *See Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). Because Berney did not rebut the government's showing of probable cause, the government was entitled to a judgment of forfeiture. *See Any and All Radio Transmission Equip.*, 218 F.3d at 548.

Berney's argument that the United States' motion for summary judgment did not comply with Fed. R. Civ. P. 56(e) is without merit. Berney waived any objections to the materials submitted by the government when he failed to object in the district court. *See Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994).

Berney's argument that he was not provided an opportunity for discovery is also without merit. He failed to preserve the issue for appellate review because he did not file an affidavit in the district court detailing the discovery needed and demonstrating specific reasons why he could not oppose the government's motion and how postponement of a ruling would have enabled him to rebut the government's showing of the absence of a genuine issue of fact. *See* Fed. R. Civ. P. 56(f); *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989).

For the foregoing reasons, we affirm the district court's decision.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green
_____
Clerk