**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0701n.06

Case No. 20-3189

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Dec 16, 2020<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| $68,812.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| MIATTA BLACKETT, | ) | |
| Claimant-Appellant. | ) | |
| | ) | |

BEFORE:  KETHLEDGE, THAPAR, and READLER, Circuit Judges.

THAPAR, Circuit Judge.  The United States seeks to condemn over $68,000 that police found in a drug-trafficking investigation.  Miatta Blackett says the money is hers but has not offered any evidence in support of her claim.  Thus, the district court correctly granted summary judgment to the United States and denied Blackett's motion to reconsider.

I.

Parma Police Department officers witnessed a known crack-cocaine dealer (known as "Streetz") come in and out of Miatta Blackett's house before and after multiple drug deals.  So they obtained a search warrant for Blackett's house.  When the officers executed the search, they

recovered $68,812 in United States currency. Blackett was in the house and witnessed the search. During the search, she denied having any knowledge of Streetz's drug-trafficking activities.

Law enforcement suspected the money was related to Streetz's business, so the United States filed a complaint to condemn the currency and order it forfeited to the government. *See* 21 U.S.C. § 881(a)(6); 18 U.S.C. § 983(a)(3)(A). Blackett contested the forfeiture and claimed to be the "sole owner" of the cash (and the victim of an illegal search). *See* Fed. R. Civ. P. Supp. R. for Admiralty or Maritime Claims & Asset Forfeiture Actions ("Rule") G(5)(a)(i). But she gave no other information. In response to special interrogatories by the government, she asserted a blanket Fifth Amendment privilege against self-incrimination. U.S. Const. amend. V, cl. 3; Rule G(6)(a).

The United States successfully moved for summary judgment based on Blackett's lack of Article III standing to pursue her claim in court. Fed. R. Civ. P. 56(a); Rule G(8)(c)(ii)(B). The district court then denied Blackett's motion to reconsider. Blackett appealed.

II.

We may hear this appeal only if Blackett filed her notice of appeal within 60 days of the district court's final order. 28 U.S.C. § 2107(b)(1); *Bowles v. Russell*, 551 U.S. 205, 212–13 (2007) (explaining that this deadline is jurisdictional); *see Williams v. United States*, 927 F.3d 427, 434 (6th Cir. 2019) (noting our "independent obligation" to ensure our jurisdiction). She appealed within 60 days of the order denying her motion for reconsideration—but that motion was itself late. *See* Fed. R. Civ. P. 59(e) (providing 28 days), 6(b)(2) (prohibiting extensions); *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990) (construing a motion for reconsideration as a Rule 59(e) motion). So we address first whether the district court had jurisdiction to rule on her motion notwithstanding the untimely filing.

The filing deadline for Blackett's motion to reconsider is not jurisdictional. It is solely a creature of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 82 ("These rules do not . . . limit the jurisdiction of the district courts . . . ."); *Kontrick v. Ryan*, 540 U.S. 443, 453–54 (2004). Thus, Blackett's untimely motion did not deprive the district court of jurisdiction to rule on the motion; the United States forfeited any argument that the motion was late; and Blackett's subsequent appeal of the district court's denial is timely.

III.

On the merits, Blackett has forfeited *all* her arguments by failing to develop them or provide any relevant citations to the record. *See* Fed. R. App. P. 28(a)(8)(A). But the government never pointed out the forfeiture, and instead proceeded to the merits, so we will too. *See Hunter v. United States*, 160 F.3d 1109, 1113–14 (6th Cir. 1998).

We review the district court's denial of a motion to reconsider its order granting a motion for summary judgment de novo, using "the same standard of review that the district court was required to apply." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Here, that means asking whether the district court's original grant of summary judgment rested on "a clear error of law." *Id.* (citation omitted).

To contest the forfeiture of the cash, Blackett must have Article III standing—manifested as "a colorable ownership, possessory or security interest" in the seized property. *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998). She asserted in her verified claim that she was "the sole owner of these monies," which "were in [her] possession." R. 5, Pg. ID 20–21. When the government tried to elicit more information, she refused to provide any. R. 25-1, Pg. ID 146–48. Nor did she offer any of her own evidence. Left only with claims of

"naked possession," the district court granted the United States' motion for summary judgment. Fed. R. Civ. P. 56(c); *$515,060.42*, 152 F.3d at 498. This was proper.

Blackett's invocation of the Fifth Amendment changes nothing. The Fifth Amendment privilege is a "shield," not a "sword" to cut down her burden of production. *United States v. Certain Real Prop. 566 Hendrickson Blvd.*, 986 F.2d 990, 996 (6th Cir. 1993) (citation omitted); *see* Fed. R. Civ. P. 56(c). In order to have standing, Blackett had to bring forward facts showing a colorable interest in the money. *United States v. $31,000 in U.S. Currency*, 872 F.3d 342, 348 (6th Cir. 2017). She failed to do so.

We affirm.